UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WINDA K. KIDD,

        Plaintiff,               CIVIL ACTION NO. 09-12275

v.

                                     DISTRICT JUDGE GEORGE CARAM STEEH
                                     MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on January 13, 2006, alleging that he had been disabled and unable to work since December 1, 2004, at age 35, due to abdominal problems, back pain, a hiatal hernia and mental depression. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on September 16, 2008, before Administrative Law Judge (ALJ) John Christensen. The ALJ subsequently found that the claimant was not entitled to disability benefits because he retained the ability to perform a restricted range of sedentary work providing a sit-stand option. The Law Judge restricted claimant from jobs that would expose him to pushing and pulling, moving machinery or unprotected heights. The ALJ also limited him to simple, low stress jobs that

had no more than occasional contact with the general public. The Appeals Council declined to review the ALJ's decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 39 years old at the time of the administrative hearing (TR 244). He had a tenth grade education, and had been employed as a janitor, salesman, factory worker and as a groundskeeper for a funeral home, (TR 51, 246-248). These jobs required him to be on him feet for a majority of the workday. He constantly had to handle, grip and manipulate large and small objects. He had to lift up to 50 pounds on a regular basis (TR 52-57). Claimant stopped working in December 2004, due to progressively worsening gastrointestinal difficulties that forced him to lie down for extended periods (TR 249, 251).

Plaintiff alleged that he was disabled as a result of abdominal and stomach pain, low back discomfort and mental depression (TR 251). Claimant doubted that he could return to work due to chronic fatigue, and the need to take frequent bathroom breaks (TR 249, 251). He claimed that he needed to use the bathroom five times a day (TR 251). Plaintiff testified that medications helped alleviate his pain (TR 249). Since the medications needed to be taken with food, the claimant smoked marijuana to improve his appetite (TR 251). Plaintiff remained capable of shopping, cooking, housekeeping, socializing and cared for his personal needs (TR 96). He was able to drive an automobile, help with child care, play the piano and grow his own marijuana (TR 96, 118, 201-202).

A Vocational Expert, Melody Henry, classified Plaintiff's past work as medium to heavy, unskilled activity (TR 20). The witness testified that there would not be any jobs for

2

claimant to perform if him testimony were fully accepted[1] (TR 255-256). If he were capable of sedentary work, however, there were numerous unskilled sorting, packaging, inspection and bench assembly jobs that he could still perform with minimal vocational adjustment (TR 255). These simple, low stress jobs allowed a sit-stand option, and did not expose workers to high production demands, moving machinery or unprotected heights. They involved only occasional interaction with the public. There would be no pushing or pulling with either arm, and no foot controls would be required (TR 254-255).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of a history of a small bowel obstruction, a bulging lumbosacral disc, a history of a hiatal hernia and mental depression, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's multiple impairments prevented him from working at jobs requiring him to sit or stand for prolonged periods, and from work involving pushing or pulling with either arm. The Law Judge also restricted claimant from jobs that would expose him to frequent changes in the workplace, moving machinery or unprotected heights. Nevertheless, the Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

---

[1]The witness testified that claimant's alleged need to take frequent days off every month would preclude all work activity (TR 255).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of sedentary work activity. He also argues that the ALJ improperly evaluated his credibility, and did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual

functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of his various impairments.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work providing a sit-stand option and involving no exposure to frequent workplace changes, moving machinery or unprotected heights. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of totally disabling pain or mental difficulties.

The medical record contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to back, neck and arm pain. A January 2005 range of motion study indicated normal extremity movement (TR 84). Dr. Richard Kovan reported in June 2007, that Plaintiff enjoyed full lumbosacral and cervical spine flexibility, and full ranges of motion in the upper extremities, both knees and hips (TR 192). Dr. Kovan found no evidence of muscle atrophy, deformity, erythema, edema or effusion, and a straight leg raising test was negative (TR 192). An MRI of claimant's lumbar spine and right shoulder showed only minor abnormalities (TR 164-165).

Plaintiff told Dr. Kovan that he experienced only occasional hand, wrist and right shoulder pain (TR 191). He testified in September 2008, that medications helped alleviate his joint pain (TR 249). Claimant's abdominal discomfort was also responsive to medication (TR 147, 154). The fact that the pain was triggered by food intake (TR 143) suggests that the condition could be controlled with a proper diet. Significantly, no examining doctor of record attributed any functional limitations to claimant's abdominal problems.

The ALJ reasonably accommodated Plaintiff's mental difficulties by limiting him to simple, routine tasks performed in a non-stressful work environment. He was also restricted to occasional interactions with the public (TR 19). The Law Judge took into consideration that fact that Plaintiff could drive, help to care for his children, socially interact with family members, and respond appropriately to all questions posed to him at the hearing (TR 18). Plaintiff remained capable of shopping, cooking, housekeeping and caring for his personal needs (TR 96). The fact that he could play the piano and grow his own marijuana (TR 96, 118, 201-202) suggests that his concentration, persistence and pace were not impaired.

Plaintiff relies heavily upon the fact that Dr. Brown opined on May 2, 2007, that he was unable to work on a full time basis (TR 136). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Brown offered little objective evidence during the relevant period to support his May 2007, statement of disability[2], his opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

---

[2]The doctor failed to provide clinical or diagnostic medical evidence substantiating his opinion that the claimant could not work on a full time basis. Dr. Brown simply named medical conditions without indicating their severity (TR 135). In a residual functional capacity analysis, Dr. Brown also failed to specify the extent to which Plaintiff remained capable of walking, standing and sitting during an eight hour day (TR 137).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that him testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled sorting, packaging, inspection and bench assembly jobs that he could still perform with minimal vocational adjustment (TR 255).

These simple, low stress jobs allowed a sit-stand option, and did not expose workers to high production demands, moving machinery or unprotected heights. They involved only occasional interaction with the public. There would be no pushing or pulling, and he would not have to operate foot controls (TR 254-255). Given the objective clinical findings of the

examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A,. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: February 23, 2010

**CERTIFICATE OF SERVICE**

     I hereby certify on February 23, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 23, 2010: **Winda Kidd.**

                                                      s/Michael E. Lang
                                                     Deputy Clerk to
                                                     Magistrate Judge Donald A. Scheer
                                                     (313) 234-5217